UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTOINE BOUSLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>POLLEY, et al.,<br><br>　　　　　Defendants. | Case No. 2:22-cv-00769-APG-EJY<br><br>**SCHEDULING ORDER FOR CIVIL RIGHTS ACTION FILED BY <u>INCARCERATED PRO SE PLAINTIFFS</u>** |

Under the Federal Rules of Civil Procedure (Fed. R. Civ. P.) 16(b) and Local Rule (LR)16-1(b), this Scheduling Order is being filed and mailed by the Clerk of the Court to the parties or their counsel.

A. **AMENDMENTS TO COMPLAINTS AND ANSWERS; ADDING PARTIES**

1. If a motion to amend a complaint or answer is filed under Fed. R. Civ. P. 15(a)(2) requires a party to file a motion seeking permission from the Court (or agreement of the opposing parties) to file such an amendment, the motion **must** comply with Local Rule 15-1, which requires the proposed amended filing be attached to the motion. No proposed amendment may be filed after **February 6, 2023**.

2. Any and all motions to assert crossclaims, counterclaims or join additional parties to this action under Fed. R. Civ. P. 13, 14. 19, or 20 **must** be filed no later than **February 6, 2023**. Any party causing additional parties to be joined or brought into this action shall contemporaneously serve a copy of this Order upon the new party or parties.

B. **MANDATORY DISCLOSURES**

The defendants in prison civil rights cases often have a disproportionate share of the relevant information, and prisoners have limited means and access to discovery. Therefore, the scope of mandatory disclosures required in this case are broader than that outlined in Fed. R. Civ. P. 26(a). Disclosures required by this Scheduling Order must be in the form prescribed by Fed. R. of Civ. P. 26. Disclosures must be exchanged among the parties, but must not be filed with the Court.

1. <u>General Content of Mandatory Disclosures</u>:  All parties are required to produce information, items, and documents in their possession or control relevant to all claims and defenses (whether by Plaintiff or Defendant(s)).  Mandatory Disclosures **must** include all relevant information that, to the best of the party's or the party's employer's knowledge, pertains to any party's claims or defenses in this case including the names of individuals likely to have discoverable information along with a description of the person's knowledge.

Defendants must produce **all** information, items, documents, photographs, and video or audio recordings in their or their employer's possession or control that are relevant to the issues in this case.  Disclosures may be made in a redacted form, if necessary, for security or privilege purposes.

2. <u>Protection from Disclosure</u>:  For any undisclosed relevant documents that are alleged to be subject to privilege or other basis such as safety concerns, the disclosing party, generally Defendant(s), must provide the opposing party a privilege log describing each document withheld with sufficient particularity to allow the other party to determine whether the document was properly withheld.

3. <u>Timing of Mandatory Disclosures</u>:  The parties' mandatory disclosures must be served **no later than December 20, 2022**.

4. <u>Expert Disclosures</u>:  Disclosures identifying experts shall be made no later than **April 6, 2023**, and disclosures identifying rebuttal experts shall be made no later than **May 8, 2023**.

5. <u>Supplementation</u>:  If either party discovers additional information, items or documents subject to disclosure or responsive to a discovery request at any time, the parties must send it to the opposing party. Fed. R. Civ. P. 26(e).

**C.   DISCOVERY**

1. <u>Discovery Deadline</u>:  Discovery in this action **must** be completed on or before 180 days after the date of this Order, which is **June 5, 2023**.

2. <u>Interrogatories</u>:   Under to Fed. R. Civ. P. 33 (a)(1), the rule pertaining to interrogatories, Plaintiff and each Defendant is allowed to serve on the opposing party no more than **25 written interrogatories** (questions).  If the interrogatory asks more than one question, each question will count as a separate interrogatory.  The party receiving the interrogatories has no

obligation to answer more than 25 separate questions. Responses are due **30 days after the interrogatories are received. This means that the responses must be signed and mailed on the 30th day after receipt.**

      3.    <u>Requests for Production</u>: A request for production is a written request asking the opposing party to produce documents or electronically stored information "including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations" or a written request that the opposing party produce any designated tangible things. Fed. R. Civ. P. 34(a)(1). No more than **25 requests for production** may be sent to any party. Responses are due **30 days after the requests for production are received. This means that the responses must be signed and mailed on the 30th day after receipt.**

      4.    <u>Requests for Admission</u>: A request for admission is a written request that the opposing party admit or deny "for purposes of the pending action only" that relate to individual facts, the application of law to fact, opinions or the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). The parties may serve no more than **25 requests for admission** on the opposing party. Responses are due **30 days after the requests for admission are received. This means that the responses must be signed and mailed on the 30th day after receipt.**

      5.    <u>Do Not File Discovery</u>. Discovery, including requests and responses, certificates of service, and deposition transcripts, **must not be filed** with the Court unless the discovery is submitted in support of or in response to a motion.

      6.    <u>Serving and Responding to Discovery</u>: All discovery requests must be served (mailed) **at least 30 days before the discovery deadline**. Any discovery request served (mailed) less than 30 days before the discovery deadline is untimely. The original responses to written discovery requests **must** be served on (mailed to) the party who sent the discovery requests within **30 days** of receipt.

      7.    <u>Signing the Responses</u>: All disclosures and discovery requests, responses, and objections must be signed by the sending attorney or party with a certification that to the best of the signor's reasonable belief the disclosures are complete and correct at the time made.

8. <u>Requests for Extensions of Discovery</u>: Extension of the discovery deadline will not be allowed without the party seeking the extension explaining the good reason ("good cause") for the request. All motions or stipulations to extend discovery **must** be received by the Court at least **twenty-one (21) days** before the discovery deadline. The motion or stipulation must include:

(a) A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

(d) A proposed schedule for the completion of all remaining discovery.

9. <u>Discovery Motions</u>:

(a) Discovery motions (such as motions to compel) **must** be filed and served (mailed) no later than **June 15, 2023**.

(b) Before filing a discovery motion such as a motion to compel, the parties **must** first make good faith efforts to resolve any dispute by speaking with each other. For Plaintiff, this means you must write to Defendant's lawyer and explain your concerns. You may ask Defendant's counsel to assist in setting up a telephone call during which the parties will discuss their disagreements and attempt to resolve their dispute. Defendant must initiate a call to Plaintiff before filing a discovery motion as well.

The parties are further advised that:

(c) all discovery motions **must** include a declaration that the party filing the motion has in good faith spoken with or attempted to speak with the opposing party in an effort to resolve their differences without a Court order; and that,

(d) the Court may not consider a discovery motion unless the party filing the motion has made a good-faith effort to resolve all disagreements that are raised in a motion.

While the Court recognizes an inmate might not be able to meet personally with opposing counsel, an inmate **must** still attempt to resolve any discovery dispute either by a telephone

consultation or a written communication whereby the inmate sincerely attempted to resolve the discovery dispute.

(e) The contents of the discovery motion must clearly state what discovery was sought, what response was given and why what was given was not adequate or did not respond to the request made.

**D.** **Dispositive Motions**: Motions for summary judgment **must** be filed and served no later than **thirty (30) days after the close of discovery,** which is **July 5, 2023**. The motion and opposition are limited to **30** pages, excluding exhibits. A motion for summary judgment or an opposition to a motion for summary judgment that is longer than 30 pages may be rejected by the Court.

**E.** **Pretrial**: Under Local Rule 16-3(b), the parties **must** file a proposed joint pretrial order **thirty (30) days** after the date for filing motions for summary judgment, which is **August 4, 2023**, unless a motion for summary judgment was filed. If a motion for summary judgment was filed, the due date for the proposed joint pretrial order is suspended and the new due date is 30 days after a decision of the pending motions or until further order of the Court.

**F.** **Other Scheduling Matters**

1. No motion filed beyond the time limit fixed by this Scheduling Order will be considered by the Court unless the Court grants an exception for good cause shown.

2. In the event that the Federal Rules of Civil Procedure provide for any shorter or longer time periods for the filing of motions or pleadings, the time limits in this Scheduling Order shall apply.

3. Any party who seeks to extend or change any provision of this Scheduling Order **must** file and serve (mail) a motion or stipulation no later than **twenty-one (21) days** prior to the deadline for which the party seeks an extension or change stating the proposed amendments and the reasons for that amendment. If the request is made less than twenty-one (21) days before the deadline, the change to or extension of this Scheduling Order **must** be supported by good cause and excusable neglect.

G. **Deadlines**

| | |
|---|---|
| Discovery Deadline | **June 5, 2023** |
| Last Day to Serve (mail) Discovery | **May 5, 2023** |
| Last Day to Serve Responses to Discovery | **30 days after service** |
| Deadline to Move to Extend Discovery | **May 15, 2023** |
| Deadline to Amend Pleadings | **February 6, 2023** |
| Mandatory Disclosures | **December 20, 2022** |
| Expert Disclosures | **April 6, 2023** |
| Rebuttal Expert Disclosures | **May 8, 2023** |
| Deadline to File Discovery Motions | **June 15, 2023** |
| Dispositive Motion Deadline | **July 5, 2023** |
| Joint Pretrial Order Deadline (or 30 days following the entry of the Court's ruling on a dispositive motion) | **August 4, 2023** |

Dated this 6th day of December, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE