UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANTOINE BOUSLEY,

    Plaintiff,

    v.

BONNIE POLLEY, *et al.*,

    Defendants.

Case No.: 2:22-cv-00769-APG-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion to Identify and Substitute Defendant. ECF No. 33. Defendant's Opposition is found at ECF No. 36.

The issue addressed in the Motion and Opposition arises from the death of defendant Bonnie Polley. Ms. Polley's death is not disputed. Plaintiff alleges he was denied access to the Clark County Detention Center's ("CCDC") Muslim Ramadan celebration and that Ms. Polley was responsible, in part, for that denial.

With Ms. Polley's passing, Plaintiff seeks to substitute the new Chaplin at CCDC as a defendant in Ms. Polley's place. Defendants argue the bar against respondeat superior liability precludes this substitution. The Court finds Defendants' argument unavailing. The issue is not one of respondeat superior in which an employer is held liable for the acts of its employees done in the course and scope of employment, but whether the estate of Ms. Polley should be substituted in as the defendant.

As explained in *Brand v. Cox*, Case No. 3:17-cv-00043-MMD-WGC, 2018 WL 4210770, at *4 (D. Nev. Sept. 4, 2018):

> Nevada state law controls estate administration. In *Koester v. Administrator of Estate of Koester*, 693 P.2d 569 (Nev. 1985), the Nevada Supreme Court held that "[g]enerally, the personal representative of the deceased must be substituted as a party before the deceased party's estate can be affected by any judgment." 693 P.2d at 572. The law of the forum state generally determines whether a section 1983 action survives or is extinguished upon the death of a party. *See* 42 U.S.C. § 1988(a); *see also Robertson v. Wegmann*, 436 U.S. 584, 588-89 (1978).

1

> Nevada law provides: "Except as otherwise provided in this section, no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's executor or administrator." NRS 41.100(1). "In an action against an executor or administrator, any damages may be awarded which would have been recovered against the decedent if the decedent had lived, except damages awardable under NRS 42.005 or 42.010 or other damages imposed primarily for the sake of example or to punish the defendant." NRS 41.100(2).

Thus, as was true in *Brand*, Plaintiff's action against Ms. Polley is not "automatically abated by reason of an individual's death." *Id*. at *2.

Plaintiff has not made a motion under Federal Rule of Civil Procedure 25, which controls substitution of parties. However, even if the Court were to interpret Plaintiff's present Motion as a Rule 25 motion, Plaintiff failed to serve the executor or administrator of Ms. Polley's estate in accordance with Rule 25. *See Adams v. Tennessee Dep't of Correction*, Case No. 1:15-cv-00115, 2017 WL 11578430, at *2 (M.D. Tenn. Nov. 8, 2017) (Under Rule 25(a)(3), Plaintiff's Motion to Substitute and the suggestion of death must be served on nonparties under Rule 4 of the Federal Rules of Civil Procedure. Thus, the decedent's "successor, whoever that may be, … must … [be] served pursuant to Rule 4."). In order to correct the deficiencies in the process and ensure the proper individual or individuals, if any, are served with a request to substitute, the Court will follow the lead of other courts that have opined on this issue.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Identify and Substitute Defendant (ECF No. 33) is DENIED without prejudice.

IT IS FURTHER ORDERED that Counsel for Defendants **must** make reasonable inquiry, to determine to the best of his ability, who the proper representative is for Bonnie Polley's estate, if any.

IT IS FURTHER ORDERED that Counsel for Defendants **must** file a Suggestion of Death with the Court no later than **May 1, 2023** identifying the proper representative for the decedent. The Suggestion of Death **must** be served on Ms. Polley's representative and Plaintiff; provided, however, if no representative can be located, Defense Counsel **must** instead file a status report explaining the efforts made leading to that conclusion. The status report **must** be served on Plaintiff.

2

IT IS FURTHER ORDERED that **if** Counsel for Defendant files a Suggestion of Death, Plaintiff **must file a Motion to Substitute** that seeks to substitute Ms. Polley's proper representative as the defendant in this action.  The Motion to Substitute **must** be served on Defendants and Ms. Polley's representative.

IT IS FURTHER ORDERED that if no proper representative for Ms. Polley is located, claims against her may be dismissed as the current Chaplin of CCDC played no role in the underlying events leading to Plaintiff's claims.[1]

Dated this 28th day of March 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Lewis v. Mitchell*, 416 F.Supp.2d 935 (S.D. Cal. 2005).