# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ANTOINE BOUSLEY,

    Plaintiff

v.

BONNIE POLLEY, et al.,

    Defendants

Case No.: 2:22-cv-00769-APG-EJY

**Order Denying Motions**

[ECF Nos. 12, 23, 31, 32]

The defendants move to dismiss this case as untimely. ECF No. 12. They assert that "the events that led to [plaintiff Antoine Bousley's] alleged First Amendment violation occurred between April 1 and May 7, 2020, the dates between which he applied to participate in 2020 Ramadan and was denied." *Id.* at 3. Bousley filed his complaint on May 16, 2022, more than two years after those events. *Id.* Thus, the defendants argue, the case was filed after the expiration of the two-year limitation period for such claims and must be dismissed.

Bousley responds that he placed his complaint in the prison mail system on May 4, 2022, and under the "mailbox rule" his complaint is deemed filed on that date and is therefore timely. ECF No. 16 at 2. Bousley is correct. The "mailbox rule applies to § 1983 suits filed by pro se prisoners." *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009). Because Bousley placed his complaint in the prison mail system before the two-year limitation period expired, his complaint was timely filed.

The defendants reply that the limitation period should have commenced on April 4, 2020, when Bousley first learned that he was denied participation in Ramadan. ECF No. 17 at 4. But Bousley alleges in his complaint that, after receiving the first denial on that date, he "followed

the proper chain of command" by appealing that decision to higher-ups. ECF No 5 at 3.  He received a "deliberate denial to participate in Ramadan" on May 7, 2020. *Id.*  Construing the allegations in Bousley's favor, the limitation period commenced on May 7, 2020, so his complaint is timely.

After filing his response to the defendants' motion to dismiss, Bousley also filed an "objection" to that motion. ECF No. 22.  The defendants move to strike the objection. ECF No. 23.  After the defendants filed their reply in support of their motion to strike, Bousley moved to file a reply (more properly, a surreply) to the defendants' reply. ECF No. 31.  Consistent with their practice, the defendants moved to strike Bousley's motion. ECF No. 32.  I deny all of these motions as moot.

I THEREFORE ORDER that the defendants' motion to dismiss (ECF No. 12) and motions to strike (ECF Nos. 23, 32) and the plaintiff's motion to reply (ECF No. 31) are denied.

Dated: April 25, 2023

_____
Andrew P. Gordon
U.S. District Judge