UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTOINE BOUSLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>BONNIE POLLEY, *et al.*,<br><br>    Defendants. | Case No.: 2:22-cv-00769-APG-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion seeking to substitute Aaron Mosley in the place of a John Doe Defendant in his Complaint. ECF No. 68. Defendants oppose the Motion (ECF No. 71), and Plaintiff filed a Reply. ECF No 72.

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

When the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed). Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Unlike Rule 15(a)'s "liberal amendment policy[,] ... Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment ... [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok,*

*Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).

Here, Plaintiff says he made inquiry on multiple occasions, through Defendants' counsel, seeking the identity of the John Doe defendant wearing badge number "A6887M." After receiving no information, Plaintiff says he issued discovery to obtain the information. ECF No. 72. Plaintiff therefore submits he acted diligently and in compliance with the good cause requirement of the law. Defendant erroneously argues that the extension of the discovery deadline would include an extension of the date by which parties must be added. *Id*.

Nonetheless, there has been substantial delay arising from first learning the name and location of the representative of the Estate of Bonnie Polley, and then attempting to prefect service on the representative. Adding Aaron Mosley at this time will not delay proceedings given that the Estate of Bonnie Polley is not yet served. Moreover, there has been no argument that additional discovery, if any, is needed. The Court notes the discovery period does not close until September 5, 2023, no dispositive motions are pending, and no trial date has been set.

Accordingly, and based on the foregoing, it is HEREBY ORDERED that Plaintiff's Motion seeking to substitute Aaron Mosely in place of John Doe Defendant (ECF No. 68) is GRANTED; provided, however, that Plaintiff is advised **no** further substitutions or additions of parties or claims will be entertained by the Court.

IT IS FURTHER ORDERED that counsel for Defendants must determine and then file with the Court a notice indicating whether Aaron Mosely will be represented by counsel for previously served Defendants and, if not, provide the last known address at which Mr. Mosely may be served. The notice **must** be filed no later than **September 5, 2023**.

IT IS FURTHER ORDERED that if service is accepted for Mr. Mosely by existing defense counsel, his responsive pleading will be due sixty (60) days after service is accepted.

IT IS FURTHER ORDERED that the existing due dates for dispositive motions and the joint pretrial order are VACATED. Once counsel for Defendants files his notice regarding whether he

accepts service on Mr. Mosely's behalf, counsel **must** also submit a proposal for a new discovery deadline (if any is needed), a new due date for dispositive motions, and a new joint pretrial order deadline after providing the same proposal to Plaintiff for review and approval. The proposed new due dates **must** be filed with the Court no later than **September 19, 2023**. If the parties cannot agree on discovery and dates, Plaintiff and counsel for Defendants may each file a proposal no later than **September 19, 2023**.

Dated this 2nd day of August, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE