UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTOINE BOUSLEY,<br><br>  Plaintiff,<br><br>v.<br><br>BONNIE POLLEY, *et al.*,<br><br>  Defendants. | Case No.: 2:22-cv-00769-APG-EJY<br><br>**ORDER<br>AND<br>REPORT AND RECOMMENDATION<br>RE: ECF No. 76** |

Pending before the Court is Plaintiff's Motion to Amend and Supplement (the "Motion"). ECF No. 76. The Court considered Plaintiff's Motion, Defendants' Opposition (ECF No. 83), and Plaintiff's Reply (ECF No. 85). The Court also has before it Defendants' Motion to Strike Plaintiff's First Amended Complaint. ECF No. 84. No response to Defendants' Motion was filed.

**I.    Relevant Background**

Plaintiff's Motion, when read in conjunction with the proposed amended complaint, seeks to: (1) amend the case caption to designate Defendant Doe A6887M as Aaron Mosley; (2) substitute Lori Polley for Defendant Bonnie Polley as Bonnie Polley's successor-in-interest; (3) reassert a Fourteenth Amendment Equal Protection Clause claim, (4) add an official capacity, injunctive relief claim against the Current Clark County Detention Center ("CCDC") Chaplain, (5) add Religious Land Use and Institutionalized Persons Act of 2000 and Spending Act claims, (6) add Health Insurance Portability and Accountability Act ("HIPAA"), Privacy Act, and Fifth, Eighth, Fourteenth Amendment claims, and (7) add Wellpath/Naphcare, Ethan Freeman, and Lewis, Brisbois, Brisgaard & Smith LLP as defendants. ECF Nos. 76 at 2, 78.

Defendants respond to Plaintiff's Motion arguing it is untimely under Federal Rules of Civil Procedure 15 and 16. ECF No. 83 at 3-4. Defendants also argue Plaintiff improperly seeks to add parties and causes of action unrelated to his First Amendment cause of action, Plaintiff failed to comply with Local Rule 15-1(a), and the Court previously advised Plaintiff no further substitutions and/or amendments would be considered. *Id*. at 3-5 *citing* ECF No. 74.

In reply, Plaintiff submits adding Aaron Mosley to the case caption is an administrative request. ECF No. 85 at 1. Plaintiff says Fed. R. Civ. P. 16 is inapplicable to his late effort to amend because the Court vacated the discovery plan and scheduling order. *Id*. Plaintiff also argues defense counsel is acting in bad faith. *Id.* at 1-2.

**II.     Discussion**

Although Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once "as a matter of course" within twenty-one days of service, once this option is no longer available—which is the case here—"a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under United States District Court for the District of Nevada Local Rule LR 15-1(a), the party seeking to amend a pleading must attach a copy of that pleading to the motion seeking leave. There are five factors the Court applies when assessing whether to grant a motion for leave to amend. These include "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

However, and despite Plaintiff's contention to the contrary, if the deadline for amending pleadings has passed, the Court's analysis must start with the requirements under Federal Rule of Civil Procedure 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Federal Rule of Civil Procedure 16(b)(4) states: "[a] schedule may be modified only for good cause and with the judge's consent." The "good cause" standard under Rule 16(b) "primarily considers the diligence of the party seeking the amendment ... [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) (internal quotations and citations omitted); *Johnson*, 975 F.2d at 609-10.

As Defendants state, Plaintiff filed his proposed amended complaint separately from his Motion. ECF Nos. 76, 78. This technically violates United States District Court for the District of Nevada Local Rule LR 15-1; however, Court does not base its decision on this error. Defendants are also correct that the Court's August 2, 2023 Order advised Plaintiff that "**no** further substitutions or additions of parties or claims will be entertained by the Court." ECF No. 74 at 2 (emphasis in

original). Nonetheless, it is Plaintiff's failure to be diligent and undue prejudice that guides the Court's decision.

With the exception of allowing Plaintiff to substitute Aaron Mosley for Doe Defendant A6887M, and Lori Polley as representative of the Estate of Bonnie Polley, which the Court and Defendants anticipated based on the history of this case, Plaintiff did not diligently pursue his prospective injunctive relief, Spending Act, Religious Land Use and Institutionalized Persons Act of 2000, or reasserted Fourteenth Amendment Equal Protection claims. Moreover, Plaintiff's request to add new defendants and new legal claims unrelated to his First Amendment claim will necessarily result in undue prejudice arising from the substantial delay in the resolution of this case.

Regarding Plaintiff's request to add an official capacity, prospective injunctive relief claim against the current CCDC Chaplain, the Court notes Plaintiff made a prior attempt to substitute the current CCDC chaplain for Bonnie Polley "in her official capacity" (ECF No. 48 at 6); however, this substitution was denied because "[t]he current chaplain does not stand in the shoes of the former chaplain who was sued in her individual capacity." ECF No. 49 at 1. Therefore, an "official capacity" claim against the current CCDC chaplain is an entirely new claim that fails as it has been available since the inception of this case and was not diligently pursued.

Indeed, Plaintiff's claims against "Bonnie Polley, Ramona Logan, Forbus, Fred Myers, and John Doe" only sought "monetary relief." ECF Nos. 1-1 at 7 and 4 at 3.[1] Monetary relief may only be awarded against defendants sued in their individual capacity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (state officials sued for monetary relief in their official capacities are not "persons" under section 1983 and therefore are properly dismissed); *Hafer v. Melo,* 502 U.S. 21, 31 (1991) ("state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983"; as such, they may be sued for monetary relief). At no time before Plaintiff's instant Motion filed in August 2023, and the date on which Plaintiff first filed his Complaint in May 2022, did Plaintiff seek to amend to add an official capacity claim seeking prospective injunctive relief.

---

[1] Although Plaintiff mentioned "[i]njunctive [r]elief" on page 1 of his original Complaint he makes no reference to such relief otherwise in the Complaint. In contrast, Plaintiff's request for relief states that "the only way to rectify the deliberate indiffer[e]nce[,] negligence and damages that Clark County Detention Center has caused … [i]s by [m]onetary value." ECF No. 1-1 at 7. The Court's screening order found Plaintiff only sought "monetary relief." ECF No. 4 at 4.

3

Thus, Plaintiff failed to diligently raise this claim. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737. While Plaintiff represents himself, he "still must comply with the rules of this court and the Federal Rules of Civil Procedure." *Anoruo v. Shinseki*, Case No. 2:12-CV-1190 JCM GWF, 2013 WL 3788598, at *1 (D. Nev. July 18, 2013), *aff'd sub nom. Anoruo v. McDonald*, 670 F. App'x 571 (9th Cir. 2016), *citing Jacobson v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986). Excusing Plaintiff's lack of diligence would belie Federal Rule of Civil Procedure 1's goal "to administer the rules to secure the just, speedy, and inexpensive determination of this case." Fed. R. Civ. P. 1; *Diego Rivera-Cazquez v. Unknown U.S. Customs*, Case No. 14-CV-2207-LAB (BGS), 2016 WL 1743379, at *1 (S.D. Cal. May 2, 2016), *citing* Fed. R. Civ. P. 1. For these reasons, consideration of whether to grant Plaintiff's Motion to Amend to add an official capacity claim ends here.

The Court interprets Plaintiff's request to add a claim for violation of the "Federal Religious Lands and Institutionalized Persons Act" as asserting a claim under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc, et seq. The factual basis for this claim mirrors Plaintiff's First Amended claim. ECF No. 78 at 6-9. Thus, Plaintiff could have pleaded his Religious Lands and Institutional Persons Act claim in May 2022. Indeed, Plaintiff certainly could have raised this claim long before filing his instant Motion in August 2023. Plaintiff offers no explanation for the approximately 15 month delay between filing his Complaint and seeking to add this new cause of action. In the absence of diligence, the Court recommends denying Plaintiff's request to add a Religious Land Use and Institutionalized Persons Act claim. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737.[2]

---

[2] Plaintiff's proposed amended complaint also includes a claim for violation of the "Spending Clause." ECF No. 78 at 8. There is no general private right of action under the Spending Clause of the United States Constitution. Rather, Congress passed, among other legislation, the Religious Land Use and Institutionalized Persons Act of 2000 under its spending and commerce clause authority. *Sossamon v. Texas*, 563 U.S. 277, 281 (2011). However, while the Religious Land Use and Institutionalized Persons Act of 2000 "unambiguously creates a private right of action for declaratory and injunctive relief," case law holds it does not allow "courts to award damages. On the contrary, … all courts that have decided it have rejected such a remedy, not only against individual-capacity defendants but also against official-capacity defendants." *Sherman-Bey v. Marshall*, Case No. CV 09-06494-RGK (RZ), 2010 WL 2949256, *5 (C.D. Cal. Jul. 22, 2010). Thus, Plaintiff's Spending Clause claim is properly interpreted as duplicative of his Religious Land Use and Institutionalized Persons Act of 2000 claim that Plaintiff could have asserted when he first filed his Complaint— something Plaintiff did not do.

Plaintiff's proposed amended complaint seeks to reassert a Fourteenth Amendment Equal Protection claim. ECF No. 78 at 6-7. Plaintiff's original Equal Protection claim was dismissed without prejudice on July 30, 2022 because Plaintiff failed to allege "defendants acted with the intent and purpose to discriminate against him based" on his "membership in a protected class" or "that the defendants purposefully treated him differently than similarly situated individuals." ECF No. 4 at 7. Plaintiff waited thirteen months to reassert this claim offering substantially similar allegations to the dismissed claim while adding that he was treated differently than others in the same protected class to which he alleges he belongs. Specifically, Plaintiff says he "was not allowed to participate in the 2020 Ramadan at the Jail like all the other inmates who sign up to participate" who were not "denied their Religious Freedom … [deliberately] without any real reason or cause," "Defendants Polley, Ramona Logan, Captain Forbus, and also Deputy Chief Fred Myers, Aaron Mosley all continuously found ways to hinder and deny Plaintiff participation in Ramadan" while "allowing other inmates to participate," and "Defendants Polley, Ramona Logan, Captain Forbus, Deputy Chief Fred Myers, and Aaron Mosley knew or should have known that by depriving and den[y]ing … [Plaintiff] the right to participate in … mandatory religious practice Ramadan as a Muslim like all other [Muslim] inmates" they were violating his rights. ECF No. 78 at 6-7.[3] These new allegations do not save Plaintiff's Equal Protection claim from a recommendation to dismiss.

In order to state a claim under the Equal Protection Clause Plaintiff must allege facts demonstrating that similarly situated persons who are not in the same protected class as Plaintiff were treated differently (*Ventura Mobile Home Communities Owners Ass'n v. City of San Buena Ventura*, 371 F.3d 1046, 1055 (9th Cir. 2004)) or that Defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment (a "class of one" claim). *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Conclusory allegations of motive are insufficient; specific, non-conclusory factual allegations are required. *Jeffers v. Gomez*, 267 F.3d 895, 913-14 (9th Cir. 2001). Here, Plaintiff does not allege facts demonstrating he was treated

---

[3] Plaintiff adds the allegation that CCDC in addition to the Nevada Department of Corrections was aware that he was a practicing Muslim. *Compare* ECF Nos. 1-1 at 11, 78 at 6.

differently than individuals who are not Muslim. Hence, Plaintiff does not state an Equal Protection claim on this basis. Plaintiff's apparent efforts to state he was treated differently than other Muslims also fail because he does not assert facts supporting the lack of a rational basis to do so.

In *Olech*, the Supreme Court addressed "whether the Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not allege membership in a class or group." *Olech*, 528 U.S. at 564. The Supreme Court found in the affirmative recognizing "equal protection claims brought by a 'class of one' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*; *see also Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601 (2008) (recognizing that an equal protection claim may be maintained in some circumstances even if the plaintiff does not allege class-based discrimination, "but instead claims that she has been irrationally singled out as a so-called 'class of one'"). However, this theory does not apply to state actions that "by their nature involve discretionary decision making based on a vast array of subjective, individualized assessments." *Engquist*, 553 U.S. at 603. "[A]llowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise." *Id*. Moreover, a prison regulation is constitutional so long as "it is reasonably related to a legitimate penological" purpose. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). "In the prison context, ... even fundamental rights such as the right to equal protection are judged by a standard of reasonableness—specifically, whether the actions of prison officials are reasonably related to legitimate penological interests." *Walker v. Gomez,* 370 F.3d 969, 974 (9th Cir. 2004) (quotation omitted).

Plaintiff does not allege the absence of a rational basis for his exclusion from participation in Ramadan 2020. Instead, Plaintiff alleges Defendants disallowed him from participating in Ramadan 2020 because he "did not qualify as a Muslim." ECF Nos. 1-1 at 11, 78 at 6. There is no allegation suggesting the regulation was unrelated to a "legitimate penological purpose"; nor does Plaintiff allege facts supporting his claim beyond mere conclusions that his exclusion was "deliberate." ECF No. 78 at 6.

Given Plaintiff's failure to diligently seek to amend his Equal Protection Claim, his instant failure to plead facts sufficient to state this claim, and the undue prejudice that would arise from granting Plaintiff a third attempt to plead this claim, the Court recommends dismissing this claim with prejudice.

With respect to Plaintiff's proposed new and unrelated claims and parties, they do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as presented by Plaintiff's First Amendment Claim; nor do the new claims "present questions of law or fact common to all defendants." Fed. R. Civ. P. 20(a). "Rule 20(a) does not allow a plaintiff to assert a grab-bag of unrelated claims against different defendants." *Woods v. Chappell*, Case No. C 15-1291 JSW (PR), 2015 WL 4593780, at *2 (N.D. Cal. July 30, 2015).

Plaintiff's proposed wholly new claims allege a HIPAA violation, Privacy Act violation, and Fifth, Eighth, and Fourteenth Amendment violations,[4] each of which is untethered to Plaintiff's existing First Amendment claims alleging denial of the opportunity to participate in Ramadan after his sincerely held beliefs were questioned. *Compare* ECF Nos. 1-1 *and* 78. The three new parties alleged to have engaged in these violations would necessarily be entitled to service of the amended complaint, an opportunity to respond, potential motion practice seeking dismissal of at least some of Plaintiff's new claims,[5] a reopening of discovery, a delay in dispositive motion practice, and delay in setting a trial date. Even if Plaintiff diligently sought to add these claims and parties given the events occurred at least seven months after the alleged violation of Plaintiff's First Amendment Rights, granting the amendment would result in such substantial prejudice to the existing parties as to support denial of Plaintiff's Motion. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387-88 (9th Cir. 1990). Indeed, discovery commenced in this matter on December 6, 2022, and was extended several times with the

---

[4] This is a claim for invasion of privacy separate from the equal protection allegation discussed above.
[5] The Court notes Plaintiff's Fifth Amendment claim will fail because a violation of the Fifth Amendment only occurs by federal actors. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). Plaintiff cannot sue state actors for due process violations under the 5th Amendment—only the 14th Amendment. *Id.* Plaintiff's Privacy Act claim will also fail because the Privacy Act only provides a remedy "specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials." *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985) (internal citations omitted).

7

last extension on September 20, 2023. ECF Nos. 15, 93. Given that Plaintiff's current claims have been the subject of substantial discovery to date (ECF No. 93 at 1-3), Plaintiff's request to add any new claims and parties defies efficiency and is contrary to the Court's Order at ECF No. 74. For each and all of these reasons, the Court recommends Plaintiff's Motion for Leave to Amend to add new claims and parties be denied.

### III.   ORDER

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend and Supplement (ECF No. 76) is GRANTED in part.

IT IS FURTHER ORDERED that Lori Polley, the representative of the Estate of Bonnie Polley, is substituted for Defendant Bonnie Polley.

IT IS FURTHER ORDERED that the case caption of this case be amended as follows: Aaron Mosely to be substituted for Defendant Doe A6887M; and Lori Polley, as the representative of the Estate of Bonnie Polley, to be substituted for Bonnie Polley.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's First Amended Complaint (ECF No. 84) is DENIED as moot.

### IV.   RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Amend and Supplement (ECF No. 76) seeking to (1) reassert his Fourteenth Amendment Equal Protection Clause claim, (2) add an official capacity, injunctive relief claim against the current Clark County Detention Center Chaplain, (3) add a Religious Land Use and Institutionalized Persons Act of 2000 claim and separately stated Spending Act Claim, (4) add HIPAA, Privacy Act, and Fifth, Eighth, Fourteenth Amendment claims, and (5) add Wellpath/Naphcare, Ethan Freeman, and Lewis, Brisbois, Brisgaard & Smith LLP as defendants be DENIED.

Dated this 11th day of October, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

# NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).