1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANTOINE BOUSLEY,

          Plaintiff,

    v.

BONNIE POLLEY, *et al.*,

          Defendants.

Case No.: 2:22-cv-00769-APG-EJY

**ORDER**

10   **I.**     **Introduction and Background**.

11         Pending before the Court is Plaintiff's Motion for Clerk to Issue a Subpoena to Clark County

12 Detention Center ("CCDC"). ECF No. 105. The Court has considered Plaintiff's Motion and

13 Defendants' Opposition. ECF No. 107.

14         Plaintiff's Civil Rights Complaint proceeds on a single First Amendment claim. Plaintiff

15 alleges Defendants denied him access to CCDC's Muslim Ramadan celebration in 2020. Defendants

16 do not dispute that Plaintiff did not participate in the Ramadan celebration; however, Defendants

17 contend Plaintiff failed to take, participate in or request to be placed on the waiting list for the class

18 offered by the CCDC Imam that was a prerequisite to participation in the celebration.

19         Discovery closed in this matter on December 4, 2023. On November 27, 2023, Plaintiff filed

20 the subpoena that he asks the Court to issue to Las Vegas Metropolitan Police Department

21 ("LVMPD"). The subpoena asks CCDC to disclose documents regarding twenty (20) topics several

22 of which have subtopics. In addition to failing to notify Defendants of his intent to subpoena records

23 from LVMPD (a violation of Fed. R. Civ. P. 45(a)(1)(D)(4)) and providing CCDC just five days to

24 respond, Defendants argue the subpoena's real purpose is to amend Plaintiff's Complaint or add

25 parties ten months after the deadline to do so lapsed. Defendants further contend that in addition to

26 Plaintiff's lack of diligence, Defendants responded to Plaintiff's written discovery request that

27 disclosed materials responsive to subpoena topics 1, 2, 3, 4, 5, 6, 15, 17, 18, 19, and 20. Thus,

28

Defendants contend responding to these topics would be cumulative.  Finally, Defendants argue Plaintiff's topics 8, 9, 10, 13, and 14 call for legal conclusions.

**II.    Discussion**.

Under Rule 26 of the Federal Rules of Civil Procedure, Plaintiff is entitled to documents that are relevant and proportional to the needs of this case.  Proportionality requires consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Court's review of subpoena topics 1, 2, 3, 4, 5, 6, 15, 17, 18, 19, and 20 reveals some, but not all, of these topics are proportional to the needs of the case.  Nevertheless, in the absence of information from Defendants regarding what they produced, it is impossible for the Court to determine whether there is any topic identified that is satisfied or which *might* be appropriate for further disclosures.

With respect to topic 8, seeking documents regarding the costs to LVMPD of providing a Ramadan celebration to CCDC inmates, the Court finds this is neither relevant nor proportional to the needs of Plaintiff's case.  Responses to topics 9 and 10 would require production of the identities of inmates who were either refused participation or approved to participate in Ramadan.  Without tying this information to those who did or did not attend the prerequisite class for participation in the Ramadan celebration, the Court finds this information is neither relevant nor proportional to the needs of the case.

Plaintiff's topic 13 has ten subparts and seeks "all communications" between the then-CCDC Chaplin (Bonnie Polley ("Polley), now deceased) and the CCDC contracted Imam regarding Ramadan including communications pertaining to Ramadan 2020, "sincerely held beliefs," and the subject matter of Plaintiff's Complaint.  The Court finds these topics grossly overbroad.  To the extent, however, there are email communications between Polley and the CCDC Imam pertaining to the Imam's availability to screen inmates for Ramadan 2020, the availability of the Imam to teach Muslim 101 or the Muslim 101 class itself, and/or CCDC's request that the Imam screen inmates for

participation in Ramadan 2020, the Court disagrees that these implicate legal conclusions. Nonetheless, because Polley is a defendant in this matter (appearing through her estate), the proper vehicle for obtaining email communications between Polley and the Imam was to request the same from this Defendant.  As to discussions between Polley and the Imam regarding complaints by inmates excluded from participating in Ramadan 2020, this too would be appropriately directed to Polley.  What is unclear is whether such documents were ever sought through a Rule 34 Request for Production of Documents or otherwise produced by Polley through a Rule 26 disclosure.

Finally, as to Plaintiff's topic 14 seeking handbooks or training materials available to Defendants regarding Ramadan practices in 2020, "and/or religious practices of Muslims," these also do not call for a legal conclusion.  However, whether Plaintiff ever sought this information from Defendants during discovery is unclear and unaddressed.

In sum, the Court finds Plaintiff's request to issue a subpoena to LVMPD improper because, even excusing the failure to notice Defendants prior to filing the request, the documents Plaintiff seeks, to the extent they have not been produced, should have been sought from Defendants and not from a third party.  However, if the documents were not timely requested by Plaintiff, he cannot use a subpoena to circumvent this failure. 9 James Wm. Moore, *Moore's Federal Practice* § 45.02[4][a] (3d ed. 2011) ("[A] Rule 45 subpoena may not be used to circumvent discovery rules or to make an untimely request for documents or tangible things that should have been requested during the discovery period."); 8A Charles Alan Wright et al., *Federal Practice & Procedure* § 2108 (3d ed. 2011) ("subpoenas are not available to circumvent discovery cutoffs").

**III.    Order**.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Clerk to Issue a Subpoena to Clark County Detention Center (ECF No. 105) is DENIED.

IT IS FURTHER ORDERED that Defendants must identify for Plaintiff, in writing, the documents and information they previously produced responsive to his subpoena topics 1, 2, 3, 4, 5, 6, 15, 17, 18, 19, and 20.  The writing may be in the form of  a letter or, if information/documents were provided in response to discovery request, through supplemental discovery responses.  If

Defendants found and/or have no documents or information responsive to the discovery request made, then Defendants must state the same so that fact is clear.

IT IS FURTHER ORDERED that if discovery requests (interrogatories or document requests) were timely propounded by Plaintiff seeking information or documents responsive to subpoena topics 13 and 14, Defendants must produce the following in compliance with the Court's scheduling order at ECF No. 15 at 2 ¶ B(1):

1.  Email communications between Polley and the CCDC Imam pertaining to the Imam's availability to screen inmates for Ramadan 2020, the availability of the Imam to teach Muslim 101, the information taught in the Muslim 101 class itself, and/or CCDC's request that the Imam screen inmates for participation in Ramadan 2020;

2.  Discussions between Polley and the Imam regarding complaints by inmates excluded from participating in Ramadan 2020; and,

3.  Handbooks or training materials available to Defendants regarding Ramadan practices in 2020, "and/or religious practices of Muslims" applicable to the year 2020.

To the extent no responsive documents exist, Defendants must state the same in plain language and provide the response to Plaintiff.

IT IS FURTHER ORDERED that if no discovery requests were timely propounded by Plaintiff addressing subpoena topics 13 and 14, Defendants must evaluate whether the documents sought should have been produced under Fed. R. Civ. P. 26 and in compliance with ECF No. 15 at 2 ¶ B(1).

IT IS FURTHER ORDERED that additional documents or information to be produced to Plaintiff, if any, is to be provided no later than twenty-one (21) days after the date of this Order.

Dated this 12th day of December, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE